# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 10, 2007**

Charles R. Fulbruge III
Clerk

No. 06-30586

BROOKSHIRE BROTHERS HOLDING INC; BROOKSHIRE BROTHERS
MANAGEMENT INC; BROOKSHIRE BROTHERS LTD

                                                            Plaintiffs-Appellants

v.

TONY ADAMSON; HOMER HOLDEN; JAY WRIGHT

                                                            Defendants-Appellees

Consolidated with
No. 06-30968

BROOKSHIRE BROTHERS HOLDING INC; BROOKSHIRE BROTHERS
MANAGEMENT INC; BROOKSHIRE BROTHERS LTD

                                                            Plaintiffs-Appellants

v.

JIM LAWRENCE

                                                            Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana, Lake Charles
(04-CV-1150)

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Plaintiffs-Appellants Brookshire Brothers Holding, Inc., Brookshire Brothers Management, Inc., and Brookshire Brothers, Ltd. (collectively, "Brookshire") appeal the district court's judgments dismissing their claims against Defendants-Appellees Tony Adamson, Homer Holden, Jay Wright, and Jim Lawrence (collectively, "Defendants")[1] for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The district court, however, dismissed the action against Defendants on two independent grounds: (1) failure to state a claim under Rule 12(b)(6); and (2) lack of personal jurisdiction under Rule 12(b)(2). On appeal, Brookshire does not purport to challenge the district court's dismissals based on lack of personal jurisdiction. Consequently, we dismiss these appeals. Cf. John Doe #1 v. Veneman, 380 F.3d 807, 814 (5th Cir. 2004) (recognizing that "'a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them'") (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (internal quotation marks and citations omitted)).

DISMISSED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Other defendants are named in this suit, but the Rule 54(b) judgments appealed from only concern the dismissals of Brookshire's claims against Defendants.